**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**WHALECO INC.**                                                                                      **PLAINTIFF**

**v.**                                        **CASE NO. 4:23-CV-01170-BSM**

**OFFIDOCS GROUP,
ABC CORPORATIONS 1-16, AND
JOHN DOES 1-16**                                                                      **DEFENDANTS**

## TEMPORARY RESTRAINING ORDER AND ORDER GRANTING LEAVE TO SERVE DEFENDANTS BY ALTERNATIVE MEANS

Whaleco Inc.'s *ex parte* motion for temporary restraining order and for permission to serve defendants OffiDocs Group, ABC Corporations 1-16, and John Does 1-16  by alternative means [Doc.  No. 8] is granted for the following reasons.

As detailed in plaintiff's motion, affidavits, and exhibits:

1.      Plaintiff is likely to succeed on the merits of its trademark infringement and unfair competition claims under 15 U.S.C. § 1114(1), 15 U.S.C. § 1125, and Arkansas common law because plaintiff has demonstrated protectable rights in the TEMU trademark and associated logo (the "TEMU Marks"), and that defendants are using marks likely to cause consumer confusion;

2.      Plaintiff is likely to succeed on the merits of its trademark counterfeiting claim under 15 U.S.C. §§1114(1)(b), 1116(d) because plaintiff has demonstrated that defendants have used and continue to use counterfeits of the federally registered TEMU Marks in connection with the advertising of goods or services, which is likely to cause consumer confusion, mistake, or deception;

3.      Plaintiff is likely to succeed on the merits of its trademark dilution claim under 15 U.S.C. § 1125(c) because plaintiff has demonstrated that the TEMU Marks are famous and distinctive, that defendants began using the TEMU Marks in commerce after the TEMU Marks became famous and distinctive, and that Defendants' use is likely to dilute the TEMU Marks;

4.      Plaintiff is likely to succeed on the merits of its unjust enrichment claim under Arkansas common law because plaintiff has demonstrated that defendants have unlawfully profited from plaintiff's extensive marketing and distribution efforts in the United States and have received and retained a financial benefit that should have been conferred on plaintiff;

5.      Plaintiff will suffer irreparable harm if defendants, their officers, agents, servants, employees, attorneys and all persons in active concern or participation with them, including any domain name registrars, domain name registries or their administrators, website hosting service providers, and platform operators facilitating defendants' infringement are not ordered to (a) remove the TEMU Marks and any pirated copies of Whaleco's mobile application software (the "Infringing Apps") from any website found at the following domain names: www.apkonline.net, www.apk.cafe, www.apkaio.com, www.apkappsstore.com, www.apkceo.com, www.apkcok.com, www.apkdirectory.com, www.apk-empire.com, www.apkfab.com, www.apkishare.com, www.apkpet.com, www.apkpure.com, www.apkresult.com, www.appseeks.com, www.itunesforwindows.com, www.mobileapkfree.com, and www.modnapks.com (the "Infringing Platforms"); (b) provide to plaintiff all contact information within their knowledge and control for the owners and/or

operators of the Infringing Platforms and Infringing Apps; and (c) identify any other persons responsible for posting the TEMU Marks and Infringing Apps on the websites listed in the complaint;

6.      The balance of hardships tips in favor of plaintiff because issuance of a temporary restraining order without notice will merely prevent defendants from earning illicit profits, while failure to issue the restraining order will cause plaintiff to suffer additional irreparable injury to its reputation and goodwill; and

7.      The public interest is served by preventing consumer confusion/deception and protecting consumers from the threat of identity theft, malware, and/or other cybercrimes.

**IT IS THEREFORE ORDERED THAT,** pending a preliminary injunction hearing or a full trial on the merits, the above-named defendants, their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them having notice of this order, including any domain name registrars, domain name registries or their administrators, and website hosting service providers, and platform operators shall immediately:

A.      Disable access to the listings below as well as any other listings on any distribution platform that defendants operate or control where a download purported to be the TEMU App is offered, so they are no longer accessible to Internet users for the pendency of this litigation:

    i.      https://apkonline.net/temu/com.temu.temuappid

    ii.     https://temu.apk.cafe

iii.      https://temu.apkcafe.es

iv.      https://shopping.apk.cafe

v.      https://apkaio.com/app/com.einnovation.temu

vi.      https://apkappsstore.com/temu-shop-like-a-billionaire

vii.      https://apkceo.com/en/temu-apk

viii.      https://www.apkcok.com/detail/com.einnovation.temu

ix.      https://www.apkcok.com

x.      https://apkdirectory.com/en/temu-app

xi.      https://apk-empire.com/temu/com.einnovation.temu

xii.      https://www.apk-empire.com

xiii.      https://apkfab.com/temu/com.einnovation.temu

xiv.      https://www.apkfab.com

xv.      https://apkishare.com/download/temu-shop-like-a-billionaire/219725

xvi.      https://www.apkishare.com

xvii.      https://apkpet.com/temu-shop-like-a-billionaire/com.einnovation.temu

xviii.      https://www.apkpet.com

xix.      https://apkpure.com/temu-shop-like-a-billionaire/com.einnovation.temu

xx.      https://apkresult.com/en/temu-apk

xxi.      https://appseeks.com/apps/temu.html

xxii.    https://www.appseeks.com

xxiii.   https://www.itunesforwindows.com/app/1641486558/temu-shop-like-a-billionaire

xxiv.    https://www.itunesforwindows.com

xxv.     https://www.mobileapkfree.com/apk/temu

xxvi.    https://modnapks.com/temu-apk

B.      Cease all use of the TEMU Marks or any reproduction, counterfeit, copy, or colorable imitation of the TEMU Marks on the following webpages and any other webpages that defendants control or operate:

i.       www.apkonline.net

ii.      www.apk.cafe

iii.     www.apkaio.com

iv.      www.apkappsstore.com

v.       www.apkceo.com

vi.      www.apkcok.com

vii.     www.apkdirectory.com

viii.    www.apk-empire.com

ix.      www.apkfab.com

x.       www.apkishare.com

xi.      www.apkpet.com

xii.     www.apkpure.com,

xiii.      www.apkresult.com

xiv.      www.appseeks.com

xv.      www.itunesforwindows.com

xvi.      www.mobileapkfree.com, and

xvii.      www.modnapks.com

C.      Administratively lock all webpages identified in (A)-(B) above and/or take any measure required to prevent defendants or any third party from accessing or downloading the content of the webpages identified in (A)-(B) and/or transferring such content to another domain name or hosting service, pending further order of this court; and

D.      Provide to plaintiff's counsel all known contact information of the operators and/or owners of the Infringing Platforms and the Infringing Apps identified in (A)-(B) above, including name, physical and email address, and phone number(s), in no less than five (5) business days from the date of notice of this order.

**IT IS FURTHER ORDERED THAT,** a nominal bond of $1,000 shall be required because the evidence indicates defendants will suffer only, if at all, minimal damage by the issuance of this temporary restraining order and injunction.

**IT IS FURTHER ORDERED THAT,** pending a preliminary injunction hearing or a full trial on the merits, defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them having notice of this order, are TEMPORARILY RESTRAINED from violating the TEMU Marks by:

i. Using, registering, or seeking to use or register any name, mark, trade name, company name, domain name, source identifier, or designation compromised of or containing the TEMU Marks or any similar term(s) or design in any manner likely to cause confusion with Whaleco and/or the TEMU Marks or otherwise injure Whaleco and/or its goodwill and reputation;

ii. Representing, by any means whatsoever, directly or indirectly, that defendants, their services/goods, and/or their activities originate from, are sponsored by, or are associated, affiliated, or connected with Whaleco in any way;

iii. Engaging in acts that constitute trademark infringement, counterfeiting, dilution, false designation of origin, or unfair competition that would damage or injure Whaleco's business reputation or damage or dilute the value of the TEMU Marks;

iv. Offering the Infringing Apps on the Infringing Platforms or any other website, webpage, or parked page under defendants' operation or control;

v. Creating, operating, owning, overseeing, or otherwise exercising control over the Infringing Platforms and/or any infringing website, webpage, or parked page embedding, incorporating, including, or otherwise displaying any of the TEMU Marks, or any version of Whaleco's names in promotional, advertising, or pay-per-click campaigns; and

vi. Assisting, aiding, and/or abetting any other person or business entity in engaging in or performing any of the above activities.

**IT IS FURTHER ORDERED THAT,** pursuant to Fed. R. Civ. P. 4(f)(3) and Ark. R. Civ. P. 4(g)(4), sufficient cause being shown therefore, counsel for plaintiff shall serve a copy of this order, the complaint, and all papers filed in support of this order on defendants via email to the addresses identified below:

| Defendant/Domain Name | Email Address |
|---|---|
| OffiDocs Group/ www.apkonline.net | · WHOIS Record email – TBD<br>· apkonline@offilive.com<br>· info@apkonline.net |
| ABC Corporation 1/John Doe 1/ www.apk.cafe | · WHOIS Record email – TBD<br>· manager@apk.cafe |
| ABC Corporation 2/John Doe 2/ www.apkaio.com | · WHOIS Record email – TBD<br>· contact@apkaio.com |
| ABC Corporation 3/John Doe 3/ www.apkappsstore.com | · WHOIS Record email – TBD<br>· admin@themespixel.net |
| ABC Corporation 4/John Doe 4/ www.apkceo.com | · WHOIS Record email – TBD<br>· contact@apkceo.com<br>· 0c14a62c3d974b0bb6d3121c3535516c.protect@withheldforprivacy.com |
| ABC Corporation 5/John Doe 5/ www.apkcok.com | · WHOIS Record email – TBD<br>· contact@apkcok.com |
| ABC Corporation 6/John Doe 6/ www.apkdirectory.com | · WHOIS Record email – TBD<br>· contact@apkdirectory.com |

| Defendant/Domain Name | Email Address |
|---|---|
|  |  |
| ABC Corporation 7/John Doe 7/ www.apk-empire.com | · WHOIS Record email – TBD<br>· contact@apk-empire.com |
| ABC Corporation 8/John Doe 8/ www.apkfab.com | · WHOIS Record email – TBD<br>· business@apkfab.com<br>· dmca@apkfab.com<br>· admin@dnstinations.com |
| ABC Corporation 9/John Doe 9/ www.apkishare.com | · WHOIS Record email – TBD<br>· support@apkishare.com<br>· 55221ea759a84558a47d83a16fd0ea2d.prot ect@withheldforprivacy.com |
| ABC Corporation 10/John Doe 10/www.apkpet.com | · WHOIS Record email – TBD<br>· slicervernetx@outlook.com |
| ABC Corporation 11/John Doe 11/ www.apkpure.com | · WHOIS Record email – TBD<br>· market@apkpure.com<br>· dmca@apkpure.com<br>· admin@dnstinations.com |
| ABC Corporation 12/John Doe 12/ www.apkresult.com | · WHOIS Record email – TBD<br>· contact@apkresult.com<br>· 0eaf5a839571492a841c96de29d525b2.prot ect@withheldforprivacy.com |
| ABC Corporation 13/John Doe 13/ www.appseeks.com | · WHOIS Record email – TBD<br>· support@appseeks.com |

| Defendant/Domain Name | Email Address |
|---|---|
| | |
| ABC Corporation 14/John Doe 14/ www.itunesforwindows.com | ·   WHOIS Record email – TBD |
| ABC Corporation 15/John Doe 15/ www.mobileapkfree.com | ·   WHOIS Record email – TBD<br><br>·   info.mobileapkfree@gmail.com |
| ABC Corporation 16/John Doe 16/ www.modnapks.com | ·   WHOIS Record email – TBD |

Further, pursuant to Fed. R. Civ. P. 4(f)(3), sufficient cause being shown therefore, counsel for plaintiff shall serve a copy of this order, the complaint, and all papers filed in support of this order on GoDaddy (by email to abuse@godaddy.com), Squarespace Domains II LLC (by email to abuse-complaints@squarespace.com), Cloudflare (by email to registrar-abuse@cloudflare.com), Alibaba Cloud Computing Ltd. d/b/a HiChina (by email to domainabuse@service.aliyun.com), Dynadot (by email to abuse@dynadot.com), Name.com (by email to abuse@name.com), MarkMonitor (by email to abusecomplaints@markmonitor.com), Namecheap (by email to abuse@namecheap.com), 22net (by email to abuse@22.cn), eName Technology Co. (by email to abuse@ename.com), OwnRegistrar (by email to abuse@ownregistrar.com), and any other relevant internet service provider, with instructions to the registrars to forward such papers to any and all email and mailing address(es) known to the registrar to be associated with the Infringing Platform's domain names.

A preliminary injunction hearing will be set within thirty days of the date that all defendants are served with process. For good cause, this order is in effect until the entry of an order following the preliminary injunction hearing.

IT IS SO ORDERED this 21st day of December, 2023.

UNITED STATES DISTRICT JUDGE